42

| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

_Eastern_ District of _California_
(State)

Case number *(if known):* 23-21535 ____ Chapter 7

11:45    **PDES**

**FILED**
MAY 1 1 2023
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*Fee Not Paid*

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**     _Liam Meyer Irrevocable Trust, Liam Meyer_
   _Trustee Asbate Davis_

2. **All other names debtor used
   in the last 8 years**   *(aka)* _Liam Meyer_
   Include any assumed names,
   trade names, and *doing business
   as* names

3. **Debtor's federal Employer
   Identification Number (EIN)**   _47-3950210_

4. **Debtor's address**      **Principal place of business**

   _7907 Garden Hwy_
   Number    Street

   _Sacramento, Ca_
   City            State    ZIP Code
              _95837_

   _Sacramento_
   County

   **Mailing address, if different from principal place
   of business**

   Number     Street

   P.O. Box

   City           State    ZIP Code

   **Location of principal assets, if different from
   principal place of business**

   Number     Street

   City           State    ZIP Code

5. **Debtor's website (URL)**   _Liammeyer15@msn.com_

Official Form 201              Voluntary Petition for Non-Individuals Filing for Bankruptcy              page 1

Debtor _Ciammeyer)15@msn.com_     Case number (if known)_____

| | |
|---|---|
| **6. Type of debtor** | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | ☐ Partnership (excluding LLP) |
| | ☒ Other. Specify: _IRREVOCABLE TRUST_ |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . 

___  ___  ___  ___

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☒ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply:*

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☒ Chapter 12

Debtor _Liam Meyer Irrevocable Trust_
Name

Case number (if known) _____

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
MM / DD / YYYY

District _____ When _____ Case number _____
MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes. Debtor _____ Relationship _____

District _____ When _____
MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No

☑ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☑ Other _FORECLOSURE_ _____

**Where is the property?** _7907 GARDEN HWY_
Number     Street

_SACRAMENTO_    _CA_ _95837_
City        State ZIP Code

**Is the property insured?**

☑ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

Debtor    *Liam Meyer Irrevocable Trust*  Case number (if known)_____
       Name

---

**13. Debtor's estimation of available funds**

Check one:

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☑ 1-49 | ☑ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☑ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☑ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☑ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  *05/08/2023*
          MM / DD / YYYY

X _____*Liam Meyer*_____    *Liam Meyer Irrevocable Trust*
Signature of authorized representative of debtor    Printed name  *Liam Meyer*

Title  *Lyla B. Davis Trustee, A Davis*

---

Debtor _____     Case number (if known)_____
              Name

**18. Signature of attorney**     ✗ _____     Date _____
                                    Signature of attorney for debtor                         MM  / DD / YYYY

                                    _____
                                    Printed name

                                    _____
                                    Firm name

                                    _____
                                    Number      Street

                                    _____     _____  _____
                                    City                                  State          ZIP Code

                                    _____     _____
                                    Contact phone                         Email address

                                    _____     _____
                                    Bar number                            State

**UNIFIN**

Unifin, Inc
P.O. Box 4519
Skokie, IL 60076
(888) 572-3987
https://uoffer.unifinrs.com/
Email: myaccount@unifininc.com

Liam Meyer
PO BOX 254503
Sacramento, CA 95865-4503

| Account Summary | |
|---|---|
| Unifin Reference Number | 0038618592 |
| Original Account Number | ************8345 |
| Current Creditor | LVNIN FUNDING LLC |
| Original Creditor | CREDIT ONE BANK N.A. |
| Debt Description | CREDIT ONE BANK N.A. |
| Itemization Creditor | Credit One Bank N.A. |
| Itemization Date | 04/19/2019 |
| Balance as of 04/19/2019 | $765.02 |
| Between 04/19/2019 and today: | |
| You were charged this amount in interest: | $0.00 |
| You were charged this amount in fees: | $0.00 |
| You paid or were credited this amount toward the debt: | $0.00 |
| **Total Amount of Debt Now** | **$765.02** |

March 24, 2023

Dear Liam Meyer:
This past due account has been referred to our agency, for collection. This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Call or write to us by May 3, 2023, to dispute all or part of the debt. If you do not, we will assume that our information is correct. If you write to us by May 3, 2023, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by May 3, 2023, we must stop collection until we send you that information. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes and other requests electronically at myaccount@unifininc.com.
There are several options we can currently offer.

| 1 payment of $459.01 to resolve your account in full for $459.01. | 3 consecutive monthly payments of $191.26 to resolve your account in full for $573.78 | 12 consecutive monthly payments of $63.75 to pay your balance in full |
|---|---|---|

To take advantage of one of these offers, please have payment (or first payment) in our office within 45 days from March 24, 2023. We are not obligated to renew any offers provided.
Sincerely,
Unifin Management

The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV FUNDING LLC will not sue you for it. If you do not pay the debt, LVNV FUNDING LLC may [continue to] report it to the credit reporting agencies as unpaid for as long as the law permits this reporting.

---

**Notice:** See reverse side for important information. All written correspondence must be sent to the following address: Unifin, Inc. P.O. Box 4519, Skokie, IL 60076-4519

## How do you want to respond?

PO BOX 4519
SKOKIE, IL 60076-4519

*Check all that apply:*
☐ **I want to dispute the debt because I think:**
　☐ This is not my debt.
　☐ The amount is wrong.
　☐ Other (please describe on reverse or attach additional information).
☐ **I want you to send me the name and address of the original creditor.**
☐ **I enclosed this amount:** $ 
Make your check payable to *Unifin, Inc.* Include the reference number 0038618592.
☐ **Quiero este formulario en español**

**Mail this form to:**
UNIFIN, INC.
PO BOX 4519
SKOKIE, IL 60076-4519

Liam Meyer
PO BOX 254503
Sacramento, CA 95865-4503

These offers do not in any way affect your right to dispute the debt or to request validation of this debt in writing during the period described on the front of this letter, as is described above. If you do not accept one of these offers, you are not giving up any of your rights regarding this debt. The offers are subject to your rights to dispute or request validation of the debt as described above.

Notice to California Residents:

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

You may request records showing the following: (1) that LVNV FUNDING LLC has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date of default or the date of the last payment; (4) the name of the charge-off creditor and the account number associated with the debt; (5) the name and last known address of the debtor as it appeared in the charge-off creditor's or debt buyer's records prior to the sale of the debt, as appropriate; and (6) the names of all persons or entities that have purchased the debt. You may also request from us a copy of the contract or other document evidencing your agreement to the debt.

A request for these records may be addressed to: P.O. Box 4519, Skokie, IL. 60076

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

If you pay your account in full or resolve the account for less than the full balance and if the client is reporting the account, they will request a deletion of their credit bureau tradeline. Please note, this applies only to the tradeline reported by LVNV FUNDING LLC and will not affect the tradeline of the original creditor or any other third party.

Because of the age of your debt, Unifin will not sue you for it. Unifin does not furnish information to any credit reporting agency.

Office hours are: Monday-Thursday 8am-7pm | Friday 8am-5pm (All times are Central Standard Times, CST) Our fax number is 847-897-3158 or email us at: myaccount@unifinrs.com.

## PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.



Ashley Funding Services LLC
CACH, LLC
CACV of Colorado, LLC
East Bay Funding LLC
East Bay Holdings LLC

LVNV Funding, LLC
Pinnacle Credit Services, LLC
PYOD LLC
Resurgent Acquisitions LLC
Resurgent Capital Services L.P.
Resurgent Funding LLC

Resurgent Receivables LLC
SFG REO, LLC
Sherman Acquisition L.L.C.
Sherman Originator LLC
Sherman Originator III LLC

**Information We May Collect.** The Resurgent Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collection Practices Act and applicable state law.

# ATTACHMENT  "B"

**Central Valley Flood Protection Board "Encroachment Lien"**

**Attorney for CVFPB,  Justin Lee, Deputy Atty General**

**300 S Spring Ste, Ste1702, Los Angeles, Ca 90013**

**Tel: 213 269-6692    email: justin.lee@doj.ca.gov**

**Claim for $106,000.00**

**(see attachment)**

1   XAVIER BECERRA                          NO FEE REQUIRED
    Attorney General of California          GOV. CODE, § 6103
2   DEBORAH SMITH
    Supervising Deputy Attorney General
3   JUSTIN J. LEE (SBN 307148)
    Deputy Attorney General
4    300 South Spring Street, Suite 1702
    Los Angeles, CA 90013
5   Telephone: (213) 269-6692
    Fax: (916) 731-2121
6   E-mail: justin.lee@doj.ca.gov
    *Attorneys for Plaintiff Central Valley Flood*
7   *Protection Board*

8

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                             COUNTY OF SACRAMENTO

11

12  CENTRAL VALLEY FLOOD                 Case No. 34-2020-00284416
13  PROTECTION BOARD,
                                         JUDGMENT
14              Plaintiff,
                                         Water Code §.8704.1(e)
15      v.

16  LIAM MEYER IRREVOCOABLE TRUST,
    LIAM MEYER,
17
                Defendants.
18

19      A certified copy of Enforcement Order No. 2020-01 of the Central Valley Flood Protection

20  Board, issued to Liam Meyer Irrevocable Trust, has been filed with the Court. Pursuant to Water

21  Code section 8704.1(e), judgment therefore is entered as follows: PLAINTIFF recovers from

22  DEFENDANT $106,000.00, total amount of judgment for administrative civil liability.

23  ///

24  ///

25  ///

26  ///

27  ///

28



FILED/ENDORSED

AUG 2 7 2020

By:_____ I. Romo
              Deputy Clerk

                                  1

                          Judgment Pursuant to Water Code § 8704.1(e)
                                  ORIGINAL

1      I certify this to be a true copy of the judgment entered on     8 27 2020

2

3          Clerk, by                         , Deputy Clerk

4

5    Return when entered:

6    JUSTIN J. LEE

7    Deputy Attorney General
       California Department of Justice

8    300 South Spring Street, Suite 1702
       Los Angeles, CA 90013

9    justin.lee@doj.ca.gov
       (213) 269-6692

10

11   *Attorney for Plaintiff*
      *Central Valley Flood Protection Board*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# ATTACHMENT  "C"

Foreclosure – Sale Date May 18, 2023

Property: 7907 Garden Hwy, Sacramento, Ca 95837

APN – 201-0150-034-0000  Private Note: Peggy Yee, seller

Atty:  Attorneys Real Estate Group, Roberto Cruz
905 Highland Pointe Drive, Ste 100, Roseville, Ca 95678, tel: 916 671-3138

Claim for $374,000.00

(see attachment)

Recording requested by (name):

Attorneys Real Estate Group

When recorded mail to
and mail tax statements to:

Attorneys Real Estate Group
905 Highland Pointe Drive, Suite 100
Roseville, CA 95678

ORIGINAL
Accepted for Recording
COPY – NOT CERTIFIED

APR 1 2 2023

Sacramento County
Clerk/Recorder

202304120509

Recorder's Use Only

# NOTICE OF TRUSTEE'S SALE

**Assessor's Parcel No. (APN): 201-0150-034-0000**

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED SEPTEMBER 5, 2019, EXECUTED ON SEPTEMBER 6, 2019, AND RECORDED ON SEPTEMBER 11, 2019. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: Astarte Davis, Trustee of the Liam Meyer Irrevocable Trust dated September 14, 2015
Duly Appointed Trustee: Attorneys Real Estate Group, APC

Deed of Trust Recorded: September 11, 2019, Instrument Number 201909111409 in the Official Records of the County Recorder of Sacramento County, California

Date of Sale: May 18, 2023 at 1:30PM

Place of Sale: Gordon D. Schaber Sacramento County Courthouse, 720 9th Street, Sacramento CA 95814, at the East Main Entrance

Estimated amount of unpaid balance and other charges: $374,190.35

Note: Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt owed.

Street Address or other common designation

of real property: 7907 Garden Highway, Sacramento, CA 95837

Described as follows:

As more fully described on said Deed of Trust dated September 5, 2019, executed September 6, 2019, and recorded on September 11, 2019.

**All that portion of the Northwest one-quarter of Section 24, Township 10 North, Range 3 East, M.D.B. & M., described as follows:**

Beginning at a point on the Northwesterly line of Lot 147, from which the corner common to Lots 146 and 147, and the 2.83 acre tract designated "Warehouse Reservation", as said Lots and said reservation are shown on the "Map of Natomas Elkhorn Subdivision", recorded in the office of the County Recorder of Sacramento County, February 26, 1918, in Book 15 of Maps, Map No. 42, bears South 45°14' West 18.64 feet; thence from said point of beginning, North 42°30' West 208.9 feet, more or less, to a point on the left or Easterly bank of the Sacramento River; thence downstream following the meanderings of said left or Easterly bank of said Sacramento River, a distance of 248 feet, more or less; thence South 42°30' East 195 feet, more or less, to a point on the Easterly line of the levee right-of-way Reclamation District No. 1000, as shown on said plat; thence along said Easterly line of said levee right-of-way, North 45°14' East 247.93 feet to the point of beginning.

**APN: 201-0150-034**

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (916) 671-3138. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Dated:      Attorneys Real Estate Group, as Trustee

905 Highland Pointe Drive, Suite 100

Roseville, CA 95678

For Non-Automated Sale Information, call: 702-659-7766 or 916-671-3138

Website for Sale Information: www.insourcelogic.com

Roberto G. Cruz, Esq. Trustee

Attorneys Real Estate Group,

This office is enforcing a security interest of your creditor. To the extent that your obligation has been discharged by a bankruptcy court or is subject to an automatic stay of bankruptcy, this notice is for informational purposes only and does not constitute a demand for payment or any attempt to collect such obligation.

## ACKNOWLEDGMENT

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California        )
County of _____ Placer _____ )

On _April 11, 2023_ _____ before me, _Erin Balcarcel, notary public_
                                            (insert name and title of the officer)
personally appeared _Roberto G. Cruz_ _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

**(Seal)**

ERIN BALCARCEL
Notary Public · California
Sacramento County
Commission # 2411606
My Comm. Expires Jul 26, 2026

SUMMARY OF KEY INFORMATION

The attached notice of sale was sent to Astarte Davis, Trustee of the Liam Meyer Irrevocable Trust dated September 14, 2015, in relation to 7907 Garden Highway, Sacramento, CA 95837.

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED SEPTEMBER 5, 2019. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.

IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

The total estimated amount due in the notice of sale is $374,190.35.

Your property is scheduled to be sold on May 18, 2023 at 1:30PM at Gordon D. Schaber Sacramento County Courthouse, 720 9th Street, Sacramento CA 95814, at the East Main entrance.

However, the sale date shown on the attached notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 702-659-7766 or visit the internet website www.insourcelogic.com for information regarding the sale of this property, using the file number assigned to this case: Davis. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the internet website. The best way to verify postponement information is to attend the scheduled sale.

If you would like additional copies of this summary, you may obtain them by calling 916-671-3138.

ATTORNEYS REAL ESTATE GROUP, APC

# PROOF OF SERVICE

I, the undersigned declare, I am a citizen of the United States, over the age of 18 years, and am not a party to this action. My business address is 905 Highland Pointe Drive, Suite 100, Roseville, CA 95678.

On April 17, 2023 I caused to be served the following:

- *NOTICE OF TRUSTEE'S SALE*

[xx] **OFFICE MAIL CERTIFIED:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing, such correspondence would be deposited with the US Postal Service on the same day in the ordinary course of business.

[] **ELECTRONIC MAIL**: by transmitting the document by electronic mail to the electronic mail address as stated above.

**SERVICE LIST:**

*Astarte Davis, Trustee of the     7907 Garden Highway*
*Liam Meyer Irrevocable Trust     Sacramento, CA 95837*
*dated September 14, 2015*

I declare under penalty of perjury that the foregoing is true and correct.

Date: 04/17/2023                    *Chelsea Dansereau*
                                    Chelsea Dansereau

- 1 -



905 Highland Pointe Drive, STE 100
Roseville, CA 95678
916-671-3138
www.attorneysre.com

December 12, 2022

**VIA US MAIL AND CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Liam Meyer
7907 Garden Highway
Sacramento, California 95837

Astarte Davis, Trustee
c/o Liam Meyer Irrevocable Trust
7907 Garden Highway
Sacramento, California 95837

> **RE:**     ***Default on Promissory Note and Deed of Trust; Non-Judicial Foreclosure.***
>         ***Subject Property:***     ***7907 Garden Highway, Sacramento, California 95837***
>                            ***Sacramento County; APN No. 201-0150-034-0000.***

Dear Mr. Meyer and Ms. Davis:

This law firm has been retained to represent the interests of Peggy Pick Yoke Yee in regards to the above referenced matter. Please send all future communications to our office. As used in this letter, "you" or "your" refers to Liam Meyer, Astarte Davis as Trustee of the Liam Meyer Irrevocable Trust and/or the Liam Meyer Irrevocable Trust, as the case may be. Incidental to the purposes of this letter, we are aware that you have previously spoken to Brian Clark, a partner at our firm. Please note that, although that conversation did not concern the matter at hand, Mr. Clark has been duly screened off from this matter, preventing any potential conflict of interest.

As you know, on or around September 5, 2019, you agreed to purchase the Subject Property from Ms. Yee and her husband. In order to purchase the Subject Property, you executed a Promissory Note dated September 5, 2019 by and between you and my Client. The note provided for installment payments for 36 months, with the last month requiring a balloon payment of the remaining principal and interest. You also executed a Deed of Trust on September 5, 2019, filed with the Sacramento County Recorder on September 11, 2019 (Document# 201909111409).

As you are aware, you have defaulted on the Promissory Note. My Client has brought the default status to your attention on several occasions, including exploring your financial situation seeking to mitigate the default.[1] Despite multiple communications with you, you have failed to cure the default and meet your obligations to my Client. In fact, you have not made any payments on the Promissory Note since June 2021.

---

[1] To the extent applicable, you are also informed of the United States Department of Housing and Urban Development counseling number: (800) 569-4287



905 Highland Pointe Drive, STE 100
Roseville, CA 95678
916-671-3138
www.attorneysre.com

As you are also aware, on page 2, paragraph 4, of the Deed of Trust, you, as the Trustor, agreed "To pay; at least ten days before delinquency all taxes and assessments affecting said property.... ." You did not pay such taxes and assessments in accordance with the terms, thereby breaching the Deed of Trust. By electing not to pay the property taxes on the Subject Property, you breached the contract and defaulted under the aforementioned Deed. This breach, on its own, allows for the acceleration of the terms of the Deed of Trust (see page 3, paragraph 11), making the entire amount owed immediately due and payable. That said, because we are beyond the 36-month term of the Promissory Note, the entire remaining amount of principal and interest is due. The entire amount due as of the date of this letter is $357,696.60. However, as my Client is aware, and as your non-payment has demonstrated, you are unwilling or unable to pay this amount.

Therefore, pursuant to page 3, paragraph 11 of the Deed of Trust, which expressly permits the foreclosure sale of the Subject Property in the event of your failure to make payments, my Client has no other remedy than to initiate a non-judicial foreclosure on the Subject Property.

Should you have any questions or concerns, do not hesitate to contact our office.

Sincerely,

Ruby I. Bitzer, Esq.
*rbitzer@attorneysre.com*
*Attorneys Real Estate Group, APC*

cc: client

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

ATTORNEYS REAL ESTATE GROUP
C/O Ruby I. Bitzer, Esq. and Ms. Peggy Lee
905 Highland Pointe Drive, Suite 100
Roseville, CA 95678
(916) 671-3138

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

If you would like additional copies of this summary, you may obtain them by calling 916-671-3138.

**Summary to Accompany Notice of Default Respecting Residential Property [Civ. Code §§ 2923.3, 2924(f)]**

### SUMMARY OF KEY INFORMATION

The attached notice of default was sent to Liam Meyer and Astarte Davis, Trustee c/o Liam Meyer Irrevocable Trust in relation to 7907 Garden Highway, Sacramento, California 95837. This property may be sold to satisfy your obligation and any other obligation secured by the deed of trust or mortgage that is in default. Liam Meyer and Astarte Davis, Trustee c/o Liam Meyer Irrevocable Trust, as described in the notice of default, have breached the deed of trust on the property described above.

IMPORTANT NOTICE: IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date the attached notice of default may be recorded (which date of recordation appears on the notice).

This amount is $357,696.60 as of December 1, 2022, and is subject to increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

# ATTACHMENT "D"

(Civil Unlimited Claim for damages; unspecified at this time - see attachment)

Liam Meyer
7907 Garden Highway
Sacramento, Ca 95837
Tel: 415 515-3658
Email: Liammeyer15@msi
In Pro Per

**ORIGINAL FILED**

APR 18 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

2:23 CV 0718 - DAD JDP PS

LIAM MEYER TRUST, LIAM MEYER,
Plaintiff(s),

v.

SIMON CHAN, SUI CHEONG CHAN,
PEGGY PICKYOKE YEE, ROBERTO
CRUZ, RUBY BITZER and ARG
inclusive, and **DOES I to 100,**

(Defendants)

CASE NO:

(Unlimited Civil)_____

COMPLAINT FOR CIVIL
RIGHTS VIOLATIONS AND DAMAGES
BY FRAUD AS A PREDICATE ACT BY AN
ENTERPRISE UNDER CIVIL RICO
AND REQUEST FOR INJUNCTION

AS FOLLOWS:
1. **FAILURE TO DISCLOSE
   IN A CALIFORNIA
   REAL ESTATE TRANSACTION**
   VIOLATION OF CIVIL CODE
   SECTION 1102, et seq.,
2. FRAUD – INTENTIONAL
   MISREPRESENTATION
3. FRAUD BY CONCEALMENT
4. FRAUD BY NEGLIGENT
   MISREPRESENTATION
5. FRAUD - THEFT BY DECEPTION
6. FRAUD BY BREACH OF CONTRACT
7. FRAUD BY BREACH OF THE
   COVENANT OF GOOD FAITH
   AND FAIR DEALING
8. FRAUD - TORT OF ANOTHER
9. FRAUD - UNFAIR BUSINESS
   PRACTICES – BUS & PROF.
   CODE §§ 17200 ET SEQ
10. OTHER CIVIL RIGHTS VIOLATIONS
11. CIVIL RICO EXTORTION
12. NEGLIGENCE RESULTING IN
    DAMAGE AND HARM

JURY TRIAL DEMANDED

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION,
CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

- 1 -

JS 44 (Rev. 04/21)                    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LIAM MEYER TRUST, LIAM MEYER | Simon Chan, Sui Cheong Chan, Peggy PickYoke Yee, Roberto Cruz, Ruby Bitzer, and ARG |

**(b)** County of Residence of First Listed Plaintiff  Sacramento
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Sacramento
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Self Represented

Attorneys *(If Known)*
Uncertain at this time

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [x] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | **INTELLECTUAL** | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | Act | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | [ ] 720 Labor/Management | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | [ ] 751 Family and Medical | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Leave Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [x] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 791 Employee Retirement | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | Income Security Act | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [x] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other | [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Civil Rights Title 18, USC Sec 241; Section 242, 42-1983, Civil Rico Title 18, USC 1964-c, and 18-1962 a-d, California CCP 1102 others

Brief description of cause:
Fraud-Deception, Omission- Failure to Disclose, resulting possible Irreparable Harm

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE                                    DOCKET NUMBER

DATE
March 12, 2023

SIGNATURE OF ATTORNEY OF RECORD
Self Represented Liam Meyer Trust aka Liam Meyer

FOR OFFICE USE ONLY

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

Liam Meyer
7907 Garden Highway
Sacramento, Ca 95837
Tel: 415 515-3658
Email: Liammeyer15@msı
In Pro Per

**ORIGINAL
FILED**

APR 18 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

LIAM MEYER TRUST, LIAM MEYER,
Plaintiff(s),

v.

SIMON CHAN, SUI CHEONG CHAN,
PEGGY PICKYOKE YEE, ROBERTO
CRUZ, RUBY BITZER and ARG
inclusive, and **DOES** I to 100,

(Defendants)

CASE NO:

2:23 CV 0718-DAD JDP PS

(Unlimited Civil)_____

COMPLAINT FOR CIVIL
RIGHTS VIOLATIONS AND DAMAGES
BY FRAUD AS A PREDICATE ACT BY AN
ENTERPRISE UNDER CIVIL RICO
AND REQUEST FOR INJUNCTION

AS FOLLOWS:
1. FAILURE TO DISCLOSE
   IN A CALIFORNIA
   REAL ESTATE TRANSACTION
   VIOLATION OF CIVIL CODE
   SECTION 1102, et seq.,
2. FRAUD – INTENTIONAL
   MISREPRESENTATION
3. FRAUD BY CONCEALMENT
4. FRAUD BY NEGLIGENT
   MISREPRESENTATION
5. FRAUD - THEFT BY DECEPTION
6. FRAUD BY BREACH OF CONTRACT
7. FRAUD BY BREACH OF THE
   COVENANT OF GOOD FAITH
   AND FAIR DEALING
8. FRAUD - TORT OF ANOTHER
9. FRAUD - UNFAIR BUSINESS
   PRACTICES – BUS & PROF.
   CODE §§ 17200 ET SEQ
10. OTHER CIVIL RIGHTS VIOLATIONS
11. CIVIL RICO EXTORTION
12. NEGLIGENCE RESULTING IN
    DAMAGE AND HARM

JURY TRIAL DEMANDED

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION,
CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION
- 1 -

1    Plaintiff(s), **LIAM MEYER TRUST, aka LIAM MEYER**, hereby files a Complaint presenting

2    a legal order to compel Defendants to give compensation for physical, mental, emotional, financial,

3    other, damages imposed, Civil Rights and Civil Rico Violations, Fraud and Negligence as follows:

4

5                              **I.    INTRODUCTION**

6    1.   This case centers on the sale of a real property, a residential property known "herein" as "The

7    Subject Property" at 7907 Garden Hwy, Sacramento, California 95837.  Plaintiff purchased

8    property from the sellers (Defendants), and previous owners, who were owners from 2009 until

9    Plaintiff purchased and closed September 11, 2019.  This is essentially a "Failure to Disclose",

10   Negligence and Fraud Case but because the Defendants are violating Plaintiff's Civil Rights, and

     because there are numerous persons working as an enterprise and using criminal fraud and

11   deception for the sake of illegal and unjust benefit by the enterprise (organized criminal fraud to

12   extort benefit), it is a Civil Rico action as well. The Bill of Rights to the US Constitution spells out

13   an Americans' guaranteed rights in relations with other citizens or entities, and in relations with

14   their government.  The State of California Constitution guarantees similar rights to a citizen.  Civil

15   rights and liberties guaranteed to the individual and population are much more than freedom of

16   speech, press, and religion. This complaint concerns the right to own property, have quiet

17   enjoyment of life, and this case is about equal and just representation and treatment under law, and

18   other Civil Rights.  Plaintiff's Civil Rights  are being violated and abused by Defendants, and

     others.  The acts and violations against Plaintiff(s) by Defendants, under the Civil Rico Act, have

19   led to extensive Civil Rights Violations' rights guaranteed by both the State of California and

20   Federal Constitutions as a matter of Law. The Civil RICO laws are established to punish any

21   offense that is carried out for enterprise's financial gain or for the sake of illegal benefit by the

22   organization (organized criminal activity) . (Apr 17, 2020)` Federal Civil Rico Laws follow the

     same intent.

23

24                      **II. PARTIES AND JURISDICTION**

     2. Plaintiffs **LIAM MEYER TRUST is the vested owner of the "Subject Property" herein. and**

25   **LIAM MEYER TRUST also doing business as Liam Meyer,** is now and at all relevant times herein

26   mentioned was doing business as the trust, residing and conducting business in the County of

27   Sacramento, State of California, and in the Eastern District of the Federal Court in California.

28   COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION,
     CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

3. Defendants, **SIMON CHAN, SUI CHEONG CHAN, PEGGY PICKYOKE YEE, ROBERTO CRUZ, RUBY BITZER and ARG,** and **DOES** I to 100, inclusive, are now, and at all times mentioned, I    n the Complaint living in and doing business in Sacramento County, California, which is in the Eastern District of California District Federal Court. These Defendants listed, Simon Chan, Sui Cheong Chan and Peggy Pickyoke Yee reside and operate at 3831 Cherry Place, West Sacramento, California 95691. Therefore, this Court is the proper Court for the trial of this action as Defendants do business within its jurisdictional area. The Court has Subject Matter Jurisdiction under Civil Rico Statutes as the Defendants signed a contract with Plaintiff and designed and participated in an Organized Enterprise for the **collection of an unlawful debt by fraud, and in violation of State and Federal Civil Rights on multiple counts.**

4. Defendant, **ROBERTO CRUZ,** and **RUBY BITZER** are defendants, and also attorneys for **SIMON CHAN, SUI CHEONG CHAN, PEGGY PICKYOKE YEE,** are now, and at all times relevant to this action were, duly licensed attorneys, licensed under the laws of the State of California, (CRUZ'S license number  342729, California, and he is licensed  in New York), and employees of the Law Firm Attorneys Real Estate Group (ARG), 905 Highland Pointe Drive, Ste 100, Roseville, California 95678. I was recently told RUBY no longer works for the law firm, but she sent Notice to Plaintiff in December of 2022 for Defendants. Roberto Cruz, Attorney, joined the Civil Rico Enterprise to facilitate and assist the other Defendants in their plan to **collect an unlawful debt.  The debt is unlawful because it is the result of willful, negligent failure to disclose important information, and active concealment of problems that affect the use and value of the property (Fraud by Concealment and Deception).** The violation of the law, herein, results from failure to disclose that the property has much more liability than was presented or alleged by Defendants.  The property has at least ten times more real debt than equity, and the magnitude of that was not disclosed by sellers or their agents/representatives. The "Subject Property" effectively is valueless.

5. Plaintiff is unaware of the true names or capacities, whether they are individuals or business entities, of Defendants DOES 1 to 100, inclusive, and sues them by such fictitious names. Plaintiff will seek leave of this Court to insert their true names and capacities once they have been ascertained.

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION
- 3 -

6. The real property **("Subject Property")** that is the subject matter of this action is commonly described as **7907 Garden Highway, Sacramento, Ca 95837-9311**, in the city and county of Sacramento, and legally described as **APN – 201-0150-034-0000**.

7. Plaintiff is informed and believes and upon such information and belief alleges, the Defendants in their entirety, and Does 1 to 100 inclusive, were, at all times herein mentioned, authorized and empowered by each other to act, and did so act, as agents of each other, and all of the things herein alleged to have been done by them were done in the capacity of such agency and enterprise. Upon information and belief, all Defendants are responsible in some manner for the events described herein and all are liable to Plaintiff for the damages it has incurred. All things herein alleged to have been done in the capacity of such an agency. Upon information and belief, all defendants are responsible in some manner for the events described herein and are liable to Plaintiff for damages it has incurred.

### III. APPLICABLE FEDERAL LAW

8. If a seller of Real Property, their Agent, or Attorney – law firm, or any person or related entity to the sale of this real property, failed to **disclose,** or actively concealed problems that affect the value of the property; they are violating the law and may be subject to a lawsuit for recovery of damages based on claims of fraud (a predicate act to Civil Rico- as well as Civil Rico Statutes), theft by deception, deprivation of Civil Rights, deceit, misrepresentation and/or breach of contract, where there is an "Enterprise" conspiring to collect an illegal debt. If a fraud is perpetrated by two or more entities or persons, and the fraud leads Defendants to attempt to collect or receive undeserved value based on that fraud, collect a value not owed, it is an act covered under Civil Rico, and a crime of extortion. The fraud and attempt to collect an illegal debt can be litigated in either State or Federal Court as Civil Rico and Civil Rights Violation, and additionally those acts can also be considered Deprivation and Violation of Civil Rights. It is a special harm when those acts of fraud and deception deprive a citizen of rights guaranteed by the State and Federal Constitutions**. Plaintiff cannot refinance the "Subject Property", or even "sell it"** or he would be guilty of a criminal fraud just like the Defendants in this case.

9. In California, the seller, and representatives, have a legal responsibility to provide "meaningful disclosures" regarding the property for sale. If the seller fails to disclose known issues and defects that will affect the property's desirability or value, the seller and their agent will have substantial liability. A seller cannot just list a property "as-is" or sell it "as is." Due to the "boom

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION
- 4 -

and bust" nature of the California property market, California has enacted laws to protect buyers of residential real estate. As a home is often the most expensive thing a person will buy, laws were deemed necessary to protect the public. **The law protects buyers by requiring sellers to disclose certain details of their property condition. Sellers of the Subject Property, the Real Property, herein, did not disclose serious information and issues about the "Subject Property", 7907 Garden Highway, Sacramento, Ca 95837, APN-201-0150-034-0000 , that render the property not only without resale value and marketable possibilities, but it is burdened by resulting, alleged, State Violations that are being enforced, that will cost more than ten times what the property's sale value commanded. The State alleges those "Violations" were done by Defendant home owners who sold the property to Plaintiff. This "Theft by Deception" goes beyond harm by fraud, it is an organized plan to "Extort" purchase money on a property with no value and sizable debt. Extortion (the collection or attempt to collect illegal gotten money, money gotten by fraud) is an act defined under Civil Rico Statues. The State has put a lien against Plaintiff personally as well as the property.** Plaintiff had no part or RESPONSIBILITY in doing any damage but Defendants and the State did. Defendants, and Sellers planned to off-load the problem property knowing full-well that its' liabilities were more than ten times its marketable asset or equity value. In other words, Defendants, by failure to disclose certain problems with the property, **sold a property where any buyer could never recover any value or purchase money paid, and might even lose the property to the State by "Taking". They also knew the property was placed under "Limited Use Order by the local County, and they did not disclose that as well.** It was a property sold that had limited use restrictions placed by the County and by that **could not be lived in.** Defendants did not disclose that to Plaintiff/buyer. Additionally, the Defendants knew that no use, improvements, accumulation in equity over time, or new value after the sale, could meet anticipated value increases that would be expected by any buyer. Additionally, Counsel for the State Water Department who is responsible for the riverbank damage in the "Encroachment Violation" put on the property by the State of California and Violation Enforced by CVFPB, is Jamil Ghannam, Deputy Attorney General, and he is in the State's Tort and **CONDEMNATION SECTION**. Defendants never informed Plaintiff about what appears to be the State's intentions concerning the "Subject Property". Jamil Ghannam's office is titled **CONDEMNATION SECTION** and that title suggests its own story. It appears that the property Plaintiff bought is

1    tagged for "Condemnation and Demolition" by the State. Plaintiff was given no clue by Defendants

2    that "Condemnation and Demolition" were even a possibility, let alone the intention of the State.

3        10. In the 1990 decision of Tafflin v. Levitt, the U.S. Supreme Court held that **State and**

4    **Federal courts have concurrent jurisdiction** over Civil RICO actions. **Anyone can bring a Civil**

     **Rico suit if they've been injured, and if injured by a RICO violation (the illegal collection of**

5    **money by fraud) . If a Plaintiff wins, they can receive** treble damages. Civil Rico contains a

6    provision under which a private party can file a civil suit in federal court against a person,

7    corporation, business, political group, etc. alleged to have violated one or more RICO prohibited

8    acts. As set forth by the Legal Information Institute, the **Racketeer Influenced and Corrupt**

9    **Organizations Act (RICO)** is a federal statute originally aimed at stopping the Mafia and other

     organized crime entities. **It does, however, contain a provision under which a private party can**

10   **file a civil suit in federal court against a person, corporation, business, political group, etc.**

11   **alleged to have violated one or more RICO prohibitions.** Rico prohibitions are as follows:

12                                   **Civil RICO**

13                              **Comment /US Court**

14        11. A plaintiff may bring a private civil action for violations of the Racketeer Influenced and

15   Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1964(c). The RICO statute prohibits four types

16   of activities: (1) investing in, (2) acquiring, or **(3) conducting or participating in an enterprise**

17   **with income derived from** a pattern of racketeering activity or **collection of an unlawful debt**, or

18   (4) **conspiring to commit** any of the first three types of activity. **18 U.S.C. § 1962(a)–(d).** RICO

     was "intended to combat organized crime, not to provide a federal cause of action and treble

19   damages to every tort plaintiff." *Oscar v. Univ. Students Coop. Ass'n*, 965 F.2d 783, 786 (9th Cir.

20   1992), *abrogated on other grounds by Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005). However, **the**

21   **statute is to "be liberally construed to effectuate its remedial purposes**." *Odom v. Microsoft*

22   *Corp.*, 486 F.3d 541, 546 (9th Cir. 2007).

23        12. As to the element of causation, **a plaintiff must prove that the defendant's unlawful**

24   **conduct was the proximate cause of the plaintiff's injury**. *Harmoni International Spice, Inc. v.*

25   *Hume*, 914 F.3d 648, 651 (9th Cir. 2019)

26

27

28   COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION,
     CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION
                                        - 6 -

13. RICO claims are most commonly brought under 18 U.S.C. § 1962(c) and (d), the conduct and conspiracy prongs of the statute.

### 18 U.S.C. § 1962(c)

14. To recover under § 1962(c), a plaintiff must prove (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as **"predicate acts"**), (5) causing injury to the plaintiff's "business or property" by the conduct constituting the violation. *See Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

15. **Conduct:** The conduct element of § 1962(c) requires that a defendant have some part in directing the affairs of the enterprise. Liability is not limited to those with primary responsibility for the enterprise's affairs, nor is a formal position within the enterprise required. However, the defendant is not liable under § 1962(c) unless the defendant has participated in the operation or management of the enterprise itself. *See Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) (holding that accountants hired to perform audit of cooperative's records did not participate in "operation or management" of cooperative's affairs by failing to inform cooperative's board of directors that cooperative was arguably insolvent). In determining whether the conduct element has been satisfied, relevant questions include whether the defendant "occupies a position in the chain of command," **"knowingly implements** [the enterprise's] decisions," or is **"indispensable to achieving the enterprise's goal."** *Walter v. Drayson*, 538 F.3d 1244, 1248-49 (9th Cir. 2008) (holding that attorney's performance of services for alleged associated-in-fact enterprise was not sufficient to satisfy § 1962(c)'s conduct element). **Where Defendants and Attorneys Robert Cruz and Ruby Bitzer fall into peril, they enter the Enterprise and assume a Managerial Role in extorting an illegal alleged debt.**

16. **Enterprise:** An "enterprise includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The "definition is not very demanding." *Odom*, 486 F.3d at 548. RICO does not require that either the racketeering enterprise or the predicate acts of racketeering be motivated by economic purpose. *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 262 (1994).

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

17. For purposes of § 1962(c), a single individual or entity cannot be both the RICO enterprise and an individual defendant. *See Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (holding that a plaintiff could not assert RICO claim against a defendant bank because the bank was also alleged to be RICO enterprise). However, "the inability of a corporation to operate except through its officers is not an impediment to § 1962(c) suits." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1534 (9th Cir. 1992) (holding that individual officers of corporation could be named as defendants even though corporation was alleged to be enterprise and could not act without its officers); *see United States v. Benny*, 786 F.2d 1410, 1416 (9th Cir. 1986) (stating that corporate form is "sort of legal shield for illegal activity that Congress intended RICO to pierce."). An organizational defendant can be a member of a larger associated-in-fact enterprise. *See Living Designs*, 431 F.3d at 361 (finding associated-in-fact enterprise could be formed between defendant corporation, law firms employed by it and expert witnesses retained by law firm).

18. An associated-in-fact enterprise is "a group of persons associated together for a **common purpose of engaging in a course of conduct**." *Boyle v. United States*, 556 U.S. 938, 945-46 (2009) (quoting *United States v. Turkette*, 452 U.S. 576, 580 (1981)). Its existence is proven through evidence of an ongoing organization, formal or informal, and evidence that the various associates function as a continuing unit. No particular organizational structure, separate or otherwise, is necessary for an associated-in-fact enterprise. *Odom*, 486 F.3d at 551 (finding that plaintiffs had sufficiently alleged associated-in-fact enterprise between defendant software manufacturer and co-defendant retailer wherein defendants established cross-marketing scheme for transferring plaintiffs' personal information from retailer to manufacturer in order to allow manufacturer to improperly charge plaintiffs for services); *see also Boyle*, 556 U.S. at 945-46 ("It is apparent that an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose."). Defendants in RICO actions must have had "some knowledge of the nature of the enterprise . . . to avoid an unjust association of the defendant[s] with the crimes of others," **but the requirement of a common purpose may be met so long as the defendants were "each aware of the essential nature and scope of [the] enterprise and intended to participate in it."** *United States v. Christensen*, 801 F.3d 970, 985 (9th Cir. 2015). **A RICO enterprise is not defeated even when some of the enterprise's participants lack detailed knowledge** of all of the

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION
- 8 -

1   other participants or their activities. Instead, "**it is sufficient that the defendant know the general**
2   **nature of the enterprise and know that the enterprise extends beyond his individual role**." *Id.*
3   In particular cases, "the evidence used to prove the pattern of racketeering activity and the evidence
4   establishing an enterprise" may overlap. *Boyle*, 556 U.S. at 947. However, "enterprise" and
     "conduct" are two separate and necessary elements of a civil RICO claim. *Odom*, 486 F.3d at 549
5   ("The **'enterprise'** is the actor, and the 'pattern of racketeering activity' **is an activity in which**
6   **that actor engages.**").

7

8      19. **Pattern:** A pattern is defined as "**at least two acts** of racketeering activity" within ten
9   years of each other. 18 U.S.C. § 1961(5). Proving two predicate acts is a necessary condition for
     finding a violation, but may not be sufficient. *See H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 238
10   (1989). To establish a "pattern of racketeering activity," the predicate acts must be both "related"
11   and "continuous." *Id.*; *Sever*, 978 F.2d at 1529. **It would appear that collecting multiple sums of**
12   **money over time based on fraud would be a qualifying pattern.**

13

14      20. **Related conduct** "embraces criminal acts that have the same **or similar purposes,**
     **results, participants, victims, or methods** of commission, or otherwise are interrelated by
15   distinguishing characteristics and **are not isolated events**." *H.J., Inc.*, 492 U.S. at 240. Relatedness
16   of the alleged or proven predicate acts is rarely an issue. *See Medallion Television Enters., Inc. v.*
17   *SelecTV of Cal., Inc.*, 833 F.2d 1360, 1363 (9th Cir. 1987) (finding **alleged predicate acts** to be
18   related **when all were directed toward inducing plaintiff** to enter joint venture and **provide funds**
19   **to obtain certain rights**). However, merely alleging that the predicate acts share the same
     participants is insufficient to establish that they are related. *See Howard v. Am. Online Inc.*, 208
20   F.3d 741, 749 (9th Cir. 2000) (finding that when the purpose, result, victim and method of one set
21   of predicate acts were "strikingly different" from those of the other set of alleged predicate acts, fact
22   that both sets implicated same participants was not enough to establish relatedness).

23

24      21. **The continuity requirement** reflects Congress's concern in RICO with **long-term**
     **criminal conduct**. *See H.J., Inc.*, 492 U.S. at 242. Plaintiffs must prove either "open-ended" or
25   "closed-ended" continuity—that is, a **plaintiff** must either **prove a series of related predicate acts**
26   **committed over a substantial period of time** (known as closed-ended continuity), or show past
27   conduct that by its **nature projects into the future with a threat of repetition** (known as open-

28   COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION,
     CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

ended continuity). *See id.* at 241-42; *Howard*, 208 F.3d at 750. There is no bright line rule for what period of time the pattern of activity must extend to establish closed-ended continuity, though activity spanning only several months is unlikely to satisfy the requirement. *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1528 (9th Cir. 1995) (noting that it would be "misguided" to state as "hard and fast rule" that to establish closed-ended continuity, pattern of activity must extend more than year, but also stating that activity spanning only several months without threatening any future criminal conduct does not meet continuity requirement); *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 366-67 (9th Cir. 1992) ("[T]he alleged activity continued for six months at most . . . . We have found no case in which a court has held the [closed-ended continuity] requirement to be satisfied by a pattern of activity lasting less than a year."). Open-ended continuity is shown through "predicate acts that specifically threaten repetition or that become a regular way of doing business." *Allwaste*, 65 F.3d at 1528; *see, e.g., Ikuno v. Yip*, 912 F.2d 306, 308 (9th Cir. 1990) (finding open-ended continuity based on two filings of false annual trading reports for phantom commodity trading company and no evidence that defendant would have stopped filing false annual reports if company had continued to do business); *Medallion*, 833 F.2d at 1364 (finding continuity requirement not satisfied because fraud engaged in posed no threat of future activity).

22. **Racketeering Activity:** To constitute racketeering activity, the relevant conduct must consist of at least one of the indictable predicate acts listed in 18 U.S.C. § 1961. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 495 (1985) **("'[R]acketeering activity' consists of no more and no less than commission of a predicate act.")**. Predicate acts must be proved by a preponderance of the evidence. The frauds and failure to disclose, herein, are definite "Predicate Acts". *See Wilcox v. First Interstate Bank*, 815 F.2d 522, 531-32 (9th Cir. 1987).

### 18 U.S.C. § 1962(d)

23. A RICO CONSPIRACY under § 1962(d) may be established by **proof of an agreement to commit a substantive violation** of RICO. *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 774-75 (9th Cir. 2002) ("It is the mere agreement to violate RICO that § 1962(d) forbids; it is not necessary to prove any substantive RICO violations ever occurred as a result of the conspiracy"). The conspirator need not have agreed to commit or facilitate each and every part of the substantive offense. *Howard*, 208 F.3d 741, 751 (9th Cir. 2000) (citing *Salinas v. United States*,

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

522 U.S. 52, 65 (1997)). However, the conspirator must have been "aware of the essential nature and scope of the enterprise and intended to participate in it." *Id.* (citing *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993)). The "**agreement need not be express as long as its existence can be inferred from words, actions, or interdependence of activities and persons involved.**" *Oki Semiconductor Co.*, 298 F.3d at 775. **If a RICO conspiracy is demonstrated, "[a]ll conspirators are liable for the acts of their co-conspirators." *Id.***

24. A defendant can be held liable for a RICO conspiracy if the evidence shows that he or she "**knowingly agrees[d] to facilitate a scheme** which includes the operation or management of a RICO enterprise." *United States v. Fernandez*, 388 F.3d 1199, 1229-30 (9th Cir. 2004). There is no requirement that the defendant have conspired to operate or manage the enterprise himself or herself. *Id.* (affirming conviction under § 1962(d) of defendant who collected money on behalf of member of enterprise, facilitated communications between conspirators and accepted payment for drugs sold through enterprise).

25. Section 1962(d) applies to intracorporate, as well as intercorporate conspiracies; thus, it is possible for a corporation to engage in a RICO conspiracy with its own officers and representatives. *Webster v. Omnitron Int'l*, 79 F.3d 776, 787 (9th Cir. 1996) (quoting with approval *Ashland Oil, Inc. v. Arnett*, 875 F.2d 1271 (7th Cir. 1998), for the proposition that "intracorporate conspiracies … threaten RICO's goals of preventing the infiltration of legitimate businesses by racketeers and separating racketeers from their profits").

## THE LEGAL STANDARD OF FRAUD IN CALIFORNIA REAL ESTATE DEALS

26. The **law regarding disclosures, OR FAILURE TO DISCLOSE is found in California Civil Code 1102 et seq.** In this law, the seller and their agents must be clear not only about the property itself but the neighborhood and any other factors that may affect **the use, value, sellability, and enjoyment of the property**. In the sale of this "Subject Property", disclosures were not made to Plaintiff buyer and damages to the Plaintiff are the result. The precedent case for failure to disclose and related fraud in Real Property cases in California is Easton v. Strassburger – 152 Cal. App 3d 90, 199 Cal Rptr. 383 (1984). In this case seller's and their agents did not disclose

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION
- 11 -

that a house was built on land fill. The land shifted and significantly reduced the value of the property. Judgment was for Plaintiff Eaton, the aggrieved home buyer.

### IV  APPLICABLE  CALIFORNIA  LAW

27. California **sellers must provide buyers** with the **Real Estate TDS or Transfer Disclosure Statement (law regarding these disclosures is found in California Civil Code 1102 et seq.)** This comprehensive document **must be provided to the buyer** as far in advance of the close of transaction as possible. Often, the seller will complete the TDS before entering into an agreement of purchase. If the seller does not provide it, the buyer has a legal right to seek damages. The seller or their agent never presented a **Real Estate TDS or Transfer Disclosure Statement** at any time and they hid or omitted known information about situations at the "Subject Property" that led to Plaintiff's damages and injury.

28. To avoid allegations of misrepresentation, deceit, or fraud, the sellers must disclose everything in the TDS. Everything from cracks in the foundations and plumbing, to operational issues with appliances, should be disclosed in this form. The seller should also note what they have learned will be costs to remedy violations, about restrictions to use of the property, etc. Previous damage to the property and repairs made, and impending costs. The buyer can hold the seller liable for failure to disclose even if the buyer did a home inspection before they bought the property.

29. **A seller who fails to disclose issues with the property may be held liable for any damages the buyer bears.** Any failure to disclose is considered a breach of the seller's duties of fair dealing and acting in good faith. California real estate brokers, agents, and attorneys owe buyers a duty of care and therefore will be held to the same standards as a seller.

30. **A buyer can claim damages, which are a financial award for any costs the buyer bears to repair the issue**. The buyer may also claim damages for any difference in the property value because of the issue. The value of damages in this matter are double, or more, than what the property is valued at. The seller did fraudulent misrepresentation and Plaintiff will prove the seller knew about the issue and concealed it from buyer.

31. Failure to disclose damages are considered in three main categories:

**Compensatory Damages** – These cover out-of-pocket expenses the buyer bears to repair the issue or defect. These also cover any decreases to the property value based on the specific issue or defect not disclosed.

**Punitive Damages** – If your lawyer can prove that concealing the defect was an act of malice by the seller or their agents, then you may recover punitive damages. Punitive damages punish offenders for their malicious actions and to deter the behavior in the future.

**Rescission** – the buyer may be able to rescind the purchase contract and force the seller to take the property back and return the buyer's money and pay damages for the harm the fraud has caused.

32. **California law states that a seller who willfully or negligently fails their duty to the buyer shall be liable for the amount of damages suffered by the buyer.** The remedies California law offers for the buyer are: 1) Damages 2) Specific performance (if the seller is forced to fix the error rather than pay money for it) 3) Damages for fraud, or early in the sale, 4) Recission or 5) Cancellation.

33. **Damages for fraud are calculated as the difference in what the buyer paid and the actual value of the property now the issues have come to light. In this case the property cannot be sold at any price because it is effectively condemned, and as such it has no value. Additionally the state demands nearly several million dollars from Plaintiff in Administrative Violation Penalties (Violations to repair the levy that the house sits on. The State says "Homeowner – Defendants", both the property Trust and persons, owe this debt (Violations are Administrative Cases: 2017-15464 )** It is vital to remember that in a rapidly appreciating market, the value of the property might now be higher than the buyer's purchase price. That did not happen in this case and Plaintiff should be awarded damages. The buyer may also be awarded damages to fix the undisclosed issues and any loss of profits or gains anticipated by the buyer when purchasing the property. In the case, herein, the "Subject Property" gained no inflation value when other properties in the Sacramento region and California in general, gained on average, 40% increases in property value and market increases. In fact, the "Subject Property" is wholly unsellable. The property is the levy and built on sand, a highly and permanently unstable base. Plaintiff was not told

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

1  the house was built on sand.

2      34. Recovering lost profits from the resale or use of the property relies on these
3  conditions:

4          1. The property was bought for the profit anticipated through use or resale.

5          **2.** The omission of damming information, the fraud, was a key factor in the
6          calculation of anticipated profits, and the **buyer reasonably relied on it to make**
7          **a purchasing decision.**

8          3. The damages (loss of value or profit and rents, or sale) were caused by the
         fraud.

9      35. The first condition means that **if the property was bought for the buyer to live in, or as**
10  **an investment property, a collateral promise to the condition of the property for that use is**
11  **implied and expected.** Buyer can claim lost profits as damages, as well as claim loss of
12  Rental Income as Damages. The court traditionally evaluates Income Damages on case-by-case
13  basis, and in the past, some courts have allowed loss of rental income to be claimed as damages, and
    some have not. In *Saunders v. Taylor (1996) 42 Cal. App. 4th 1538, 1543*, the court allowed the
14  claimant to claim future damages. In *Chatterley v. Bongiovanni (In re Chatterley) (B.A.P. 9th Cir.*
15  *May 23, 2005) [*12]*, citing *Stout v. Turney, (1978) 22 Cal. 3d 718, 721*, ruled that under Civil
16  Code 3343, lost rent can be included as lost profit and damages.

17      36. Undisclosed facts in this fraud claim were not discoverable by the buyer through diligent
18  efforts, **and an agent or attorney knowing (likely Does 1 to 110),** at any time, that proper
19  disclosures were not made to the buyer are equally liable for damages of fraud, extortion, and theft
20  by deception. California sellers must provide buyers with the **Real Estate TDS or Transfer**
    **Disclosure Statement (law regarding these disclosures is found in California Civil Code 1102**
21  **et seq.) The TDS is obligatory under law. The seller never prepared or presented any TDS to**
22  **the buyer. Seller only presented standard disclosure about lead paint, etc. It appears seller**
23  **thought the "As-Is" notice handled it. Under law the "As-Is" does not comply with TDS legal**
24  **requirements. No TDS given to Plaintiff-Buyer, or an incomplete TDS, leaves a lot of room**
25  **for the fraud and deceptions in this Real Estate purchase.**

26      37. Both the buyer and seller must understand and fulfill the need for complete and full
27  disclosure. If the seller is wise, they will protect themself from liability by disclosing any known

28  COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION,
    CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION
    - 14 -

issues in writing and ensuring it is initialed by the buyer. Not of that happened in this sale. Real estate sale documents are comprehensive and will have pages prompting disclosures and space for the buyer to initial and sign. Sellers are advised to go through their records to ensure they have not forgotten any issues. They may also wish to seek a professional to check for any issues they may not be aware of.

38. As a rule, when selling property, it is best to put in writing every defect, every violation, they have reason to believe exists, the costs to remedy, and have the buyer initial the disclosure. This way, seller's protection is maximized, even though this may lower the sale price.

### PRECEEDING ALLEGATIONS COMMON
### TO AND INCLUDED IN CAUSE(S) OF ACTION

### CAUSE OF ACTION FOR FRAUD CAUSING INJURY: A FAILURE TO DISCLOSE IN A CALIFORNIA REAL ESTATE SALE/PURCHASE WITH FRAUD RESULTING BY      :
#### 1) BREACH OF CONTRACT
#### 2) INTENTIONAL NEGLIGENT MISREPRESENTATION
#### 3) CONCEALMENT AND OMISSION
#### 4) PROMISE WITHOUT INTENT TO PRFORM
#### 5) OTHERS
#### (As against all Defendants)

39. Plaintiff realleges the allegations contained in paragraphs 1 through 38, inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

40. On or about September 11, 2019, Plaintiff (buyer) and Seller entered into a written agreement in which Plaintiff agreed to purchase and seller agreed to sell the "Subject Property". A copy of the written purchase sale agreement ("the agreement") is attached hereto to this Complaint as "Exhibit A" and is incorporated herein by reference. "The Agreement" includes provisions for recovery of attorney fees by the prevailing party in the event action is brought under the agreement.

41. Prior to Plaintiff (Buyer's) execution of the agreement, seller and broker/agent for seller **did not present a Real Estate Transfer Disclosure Statement (TDS) as required by California**

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

1  **Law.** And at no time there after did Seller or Agents disclose to the Buyer that the property had

2  been "red tagged" by the County of Sacramento under a "Limited Use Restriction" and that the

3  State agency that enforces Violations on California Water ways, the Central Valley Flood

4  Protection Board (CVFPB), demands $1,742,000.00 to repair the property river bank, that they

   would put a Clerk's Judgment Lien on the property for $106,000.00 for costs to violate and enforce

5  encroachment allegations.  Defendants did not disclose that the **"State Demolition Office of the**

6  **Attorney General" was actively representing the State in their "Encroachment Violation**

7  **Administrative Action".**

8      42.  **Selling the Property As-Is:** As mentioned earlier, the seller has the obligation to

9  disclose any issue with the property that can adversely affect the desirability or value of the

10  property, provided that they have actual or constructive knowledge of those issues, and provide the

11  buyer with a Transfer Disclosure Statement. This must be done regardless of whether the property is

   being sold "as-is" or not.

12

13      43.  If the property is being sold "as-is," the seller is essentially making it so the buyer must

14  take the property with all its observable and disclosed faults. If, however, the property is sold "as-is"

15  and the buyer later discovers an issue with the property that was neither disclosed or readily

   observable, then that issue is not covered by the "as-is" provision of the sale. In such a case, the

16  seller may be liable for the loss in value or desirability, provided that the **seller was aware, or**

17  **should have been aware,** of the issue at the time of the sale.

18      44.  **Plaintiff relied on the representations** set forth solely on conversations with the seller

19  **when entering into the agreement and no seller Transfer Disclosure Statement was ever**

20  **offered or presented.  Disclosures about lead paint and Real Estate Agent representing the**

21  **buyer and seller were presented.**

22      45.  **Plaintiff intended to perform its obligations under the terms in the agreement in the**

23  **manner specified therein except Plaintiff was prevented or excused from performing based on**

24  **failure to disclose, fraud and breach of contract. Parties were scheduled to close escrow of the**

25  **"Subject Property" on June 19, 2019. Plaintiff is uncertain of the exact closing date, but**

   **closing was on September 11, of 2019.**

26

27

28  COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION,
   CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

47. Plaintiff is informed and believes, and on that basis alleges, that the seller breached the agreement by failing to disclose meaningful material and important facts and information regarding the status and condition of the property that was within the seller's knowledge as follows: 1) the true estimated costs to cure the river bank "Encroachment Violation" estimated by Central Valley Flood protection Board at $1,742,000.00, and 2) the limited Use Restriction put on the property by the County of Sacramento, 3) others.

48. In conversation and not by written Transfer Disclosure Statement, the sellers stated that 1) they had hired a licensed California Engineer (MBK), who prepared and submitted on their behalf, a request for an "Emergency Permit" – to Stabilize the river bank and cure the "Encroachment Violation", 2) that seller had been granted a loan for $500,000.00 to remedy, complete, and resolve the matter. Plaintiff intended/and did resubmit MBK's Engineering plan and requested a permit, as no seller had yet received such a permit, or done any repair work.

49. Plaintiff relied on the seller's representations of what would be required to bring the property to code, engineering, costs and labor, and achieve a stable property after inspection and with proper permits.

50. Plaintiff would not have entered into the agreement had Plaintiff known the true facts. Plaintiff has dealt with matters for over three and a half yeas incurring huge expense and losses, lost wages, disruption of quiet enjoyment and quality of life, etc.

51. As a result of seller's breach of the agreement to deliver the "Subject Property" under a seemingly workable framework, and value, upon closing, Plaintiff has been damaged. Plaintiff has been forced to incur costs and expenses in his efforts to correct defects and problems at the "Subject Property" Costs and damages will be presented before or at trial. Costs and damages are on going so there is no final on that until the matter has been litigated and disposition achieved.

52. The damages suffered by Plaintiff are not yet ascertained, but said damages exceed the jurisdictional minimum of this Court, plus interest at the legal rate of 10% per annum from and after closing and final purchase of the "Subject Property". Those sums will be proven at time of trial or during discovery.

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

1

## IRREPARABLE INJURY AND REQUEST FOR INJUNCTION

2

53.  Monetary damages at a later time would not adequately compensate Plaintiff(s) for
injuries sustained, and injuries that Plaintiff(s) continues to sustain as a result of the events
described above; damages which cannot be measured in total until the Court has reviewed issues
and defined responsibility for failure to disclose injuries and harm. The Defendants/sellers did a
carry-back loan with Plaintiff-Buyer in the amount of $300,000.00, interest only for three years at
purchase September 11, 2019. Sellers made every effort to entice Plaintiff to take the property off
their hands. The three years ended and Defendants, through their attorney Robert Cruz – ARG, have
given Notice of Default calling for immediate payment of principal and fees on that home loan.
Having taken ownership of the "Subject Property" Plaintiff has been named to a potential
multimillion-dollar liability by the State and at the property for damages the State did, and the
extent of damages which the Defendants did not disclose to Plaintiff. This Notice of Default action
by Defendants is heading toward foreclosure**, with a Tentative Sale Date of May 18, 2023**, and if
allowed to proceed will do irreparable harm to Plaintiff.  Plaintiff will still have a multimillion-
dollar judgment against him by the State for alleged "Encroachment Violations" at the property
even if he loses the property in foreclosure.  Plaintiff did no damage, he just bought damaged
property and was blind-sided by Seller Defendants because they did not disclosure the true intention
of the State to take and demolish the property.  Defendants most certainly knew or should have
known about this and other problems with the property. The Seller Defendant's overwhelming
efforts to off-load the property and collect a quick $300,000.00 are suspicious as well.  Plaintiff
requests that this Court put a Stay on all Default and foreclosure issues at the "Subject Property"
until all the evidence and damages and responsible parties for fraud and failure to disclose are
determined in this case.  Plaintiff alleges that because of the fraud by Defendants and the costs
Plaintiff is incurring and other damages incurred, Plaintiff will be irreparably injured if the
Injunction stopping the Default and Foreclosure issues is not ordered by this Court immediately.
Requirements and costs put upon Plaintiff as he attempts to resolve matters that Defendants failed to
disclose, are ongoing with additional harm and damages mounting. Defendants attempt to collect
additional fees in an amount around $70,190.35 above the $300,000.00 sale price. Without this
Complaint there would be no end in sight, no justice, no equity, and Plaintiff would be irreparably
harmed and likely saddled with "Encroachment Violation" fees mounting to several million dollars.
That is a debt that Plaintiff has no responsibility for, but Defendants do in total.

# **PRAYER**

. The devastating economic impact of Defendants' actions, fraud and failure to disclose, have made valueless Plaintiff's investment-based expectations (including but not limited to the substantial capital costs incurred in preparing the Stabilization Plan, preparing legal defenses going on four years and continuing, lost income opportunities do to time demands to deal with these issues), severely and irreparably harmed Plaintiff's constitutionally protected interests, by intentionally preventing his best use of the land, and have functionally extinguished several fundamental attributes of ownership. Further, any compensation given Defendants' requiring resources from Plaintiff in the sale/purchase of this "Subject Property" would only be a reward for a theft by deception. Plaintiff is incurring ongoing legal costs to secure permission, or to facilitate uniquely public functions as a requirement to relieve the Administrative Encroachment Violation, and for granting legally permitted use of the property. The evidence unequivocally supports a finding of the liability for listed wrong-doing and resulting damages by Defendants. Damages to be determined at trial.

Dated: March 12, 2023

_Liam P. Meyer_

Liam Meyer, Plaintiff Pro Per